UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AIMCO MICHIGAN MEADOWS HOLDINGS, LLC, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | )   1:06-cv-1851-LJM-TAB <br> ) |
| ACCENT CLEANERS and CHARLES T. DODSON, | ) <br> ) <br> ) |
| Defendants. | ) |

### ENTRY ON INTERESTED PARTY'S MOTION TO QUASH SUBPOENA

**I.   Introduction.**

Plaintiff AIMCO Michigan Meadows Holdings LLC brought this litigation alleging that Defendants[1] contaminated several parcels of real property with hazardous chemicals. Ohio Casualty is the Defendants' insurer. Plaintiff served Ohio Casualty with a subpoena requesting production of the applicable insurance policies, which Ohio Casualty opposed. The parties are now locked in a discovery dispute. Ohio Casualty filed a motion to quash the subpoena [Docket No. 22] which Plaintiff opposes. [Docket No. 33.] For the reasons set forth below, Ohio Casualty's motion to quash is GRANTED IN PART AND DENIED IN PART.

**II.   Discussion.**

Ohio Casualty first argues that the subpoena should be quashed because service was improper. Ohio Casualty claims that it cannot be compelled to respond because it is not the

---

[1] The defendants in this case are Accent Cleaners and Charles T. Dodson, the sole proprietor of Accent Cleaners.

party named in the subpoena.  This argument is unpersuasive because, as Plaintiff notes, "Ohio Casualty offered to produce the policy Ohio Casualty maintained."  [Docket No. 33 at ¶ 6.]  Thus, although the subpoena was addressed to Great American Insurance, since Ohio Casualty has possession of the insurance policy in question, it must produce it and cannot rely on the argument that the wrong party was served with the subpoena.  *See Dexia Local Credit v. Rogan*, 231 F.R.D. 538, 542 (N.D. Ill. 2004) (it is not necessary that discovery materials sought from a nonparty be in the physical possession of the nonparty, control, construed as the legal right, authority, or practical ability to obtain the materials sought, is sufficient); *In re Subpoena Duces Tecum Served on Duke Energy Corp.*, 2005 WL 2674938 at *5 (W.D.N.C. 2005) (rejecting the argument that the wrong party was served when the subpoenaed corporation had the ability to obtain possession of the documents necessary to comply with the court's order).

      Ohio Casualty next claims that the subpoena is overly broad and compliance with it would be unduly burdensome.  [Docket No. 23 at p. 4.]  The subpoena requests production of copies of "each and every Policy of Insurance issued in which Accent Cleaners, Four Corners Group, Charles T. Dodson and/or Robert L. Cleverly is named as an insured . . . which was issued between the years 1970 and 1999," copies of "each and every Policy of Insurance procured, purchased or maintained . . . in which AIMCO . . . [was] named or covered" during the same time period, documents related to the policies "including . . . correspondence, faxes, emails or other communications," and notices regarding claims against Accent, Four Corners, Dodson, or Cleverly.[2]  [Docket No. 23-3 at pp. 3-4.]  Given that the subpoena requests production of

---

[2] Four Corners Group is a partnership in which Dodson was a member.  It operated Accent Cleaners during the period the contamination allegedly occurred.  Cleverly is involved because he owned and operated Accent Cleaners before it was purchased by Dodson.

"each and every Policy" from a thirty-year period, it is obviously overbroad. However, in its response to the motion to quash [Docket No. 33], Plaintiff stipulates that it would be satisfied with production of the insurance policy that Ohio Casualty maintained for the Defendants, which Ohio Casualty apparently offered to produce. [Docket No. 33 at p. 3.] Therefore, within 20 days of this order Ohio Casualty shall produce this insurance policy.

Ohio Casualty also asserts that the subpoena should be quashed because it seeks production of confidential or privileged information. [Docket No. 23 at pp. 3-4.] Although the insurance policies themselves are not privileged, communications regarding calculation of premiums and claims made on the policy are protected as confidential business information. *See BABN Technologies Corp. v. Bruno*, 1998 WL 720171 at *5 (E.D. Pa. 1998) (an insurance company has a legitimate interest in protecting confidential information and trade secret data related to its policy coverage and distribution system); *Klaus v. Hilb, Rogal and Hamilton Co. of Ohio,* 437 F. Supp.2d 706, 713 (S.D. Ohio 2006) (within an insurance company, confidential information "is defined as information (a) acquired by during the course of employment and (b) not generally known in the insurance business or relevant trade or industry."). Such communications made by Accent, Four Corners, Dodson, and Cleverly to their insurance company are also privileged. *Richey v. Chappell*, 594 N.E.2d 443, 445 (Ind. 1992) ("statements from the insured to his insurer are protected from discovery by a third party."). To the extent that some of the information that Plaintiff requests is either confidential or privileged, its disclosure is not required. With respect to the non-privileged information sought regarding prior insurance carriers, within 20 days of this order Plaintiff shall confer with Ohio Casualty and discuss limiting the scope of the non-privileged information to a period of less than thirty years

and producing these non-privileged documents.

## III.  Conclusion.

For the reasons set forth above, Defendant's motion to quash the subpoena [Docket No. 22] is granted in part and denied in part.  Within 20 days of this order, Ohio Casualty shall produce a copy of the insurance policy that Ohio Casualty maintained for the Defendants. Plaintiff and Ohio Casualty shall attempt to limit the scope of rest of the documents to non-privileged documents for a period less than thirty years.  If the parties are unable to resolve the dispute, they shall promptly contact the Court at 317-229-3660 for a status conference to resolve any remaining discovery disputes.

DATED:  07/23/2007

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Robert Ballard Clemens
BOSE MCKINNEY & EVANS, LLP
rclemens@boselaw.com

Edward S. Griggs
BARNES & THORNBURG LLP
sean.griggs@btlaw.com

J. Matt Harnish
LOCKE REYNOLDS LLP
mharnish@locke.com

David Michael Heger
BARNES & THORNBURG LLP
david.heger@btlaw.com

Daniel P. McInerny
BOSE MCKINNEY & EVANS, LLP
dmcinerny@boselaw.com

Janet Halline Nelson
BOSE MCKINNEY & EVANS, LLP
jnelson@boselaw.com

Richard S. VanRheenen
BOSE MCKINNEY & EVANS, LLP
rvanrheenen@boselaw.com